[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10610
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20572-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS WAYNE BAKER,
a.k.a. Jahquawn,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 10, 2013)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Julius Wayne Baker appeals his sentence of 292 months of imprisonment

following his plea of guilty to enticing a minor to engage in a commercial sexual act.  See 18 U.S.C. § 1591(a)(1).  Baker challenges the enhancement of his sentence for unduly influencing a minor and the reasonableness of his sentence. We affirm.

The district court did not clearly err by enhancing Baker's sentence for unduly influencing his young victim to engage in prostitution.  A defendant is subject to a two-point increase of his base offense level if he "unduly influenced a minor to engage in prohibited sexual conduct."  United States Sentencing Guidelines Manual § 2G1.3(b)(2)(B) (Nov. 2012).  Baker, who was 31 years old, profited as the pimp for a 16-year-old girl for about three months during which she "participated in over a hundred prostitution dates."  Because Baker was more than a decade older than his victim, he had to rebut a presumption that he exercised undue influence over the girl.  See id. § 2G1.3 cmt. n.3(B).  Baker failed to introduce any evidence that he did not influence his young victim.  See generally Black's Law Dictionary 1306 (9th ed. 2009) (defining "rebuttable presumption" as an "inference drawn from certain facts . . . which may be overcome by the introduction of contrary evidence").  Baker argued that his young victim consented to engaging in prostitution, but even if we accept that argument as true, the girl's consent is not dispositive of "whether [Baker's] influence over [her] compromised the voluntariness of [her] behavior," U.S.S.G. § 2G1.3 cmt. n.3(B).  Based on the

2

facts of the case, the district court reasonably found that Baker influenced his adolescent victim using his "superior knowledge, influence, and resources." Baker did not dispute the facts in his presentence investigation report that he tempted the young woman with the promise of an income of more than $3,000 a week and provided her with needed logistical and financial support. See United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009). The report provided that Baker found his victim on Facebook and solicited her to work as a prostitute; photographed her both dressed and nude and used those photographs to attract clients; scheduled her prostitution "dates"; provided her condoms; instructed her how much to charge the clients; and arranged for taxis to transport her to and from the prostitution dates. Baker failed to rebut the presumption that he unduly influenced his young victim. See United States v. Daniels, 685 F.3d 1237, 1253 (11th Cir. 2012).

Baker argues that the district court erred by failing to resolve factual inaccuracies in the presentence report, but this argument fails. Baker objected to the factual statement that he "supervis[ed]" his young victim, but the district court reasonably determined "that [the statement was] accurate" based on the other facts that Baker admitted. See Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court[] . . . may accept any undisputed portion of the presentence report as a finding of fact."). Baker also objected to the factual statement that "he would post advertisements of [his victim] on the Internet," but Baker waived that objection by

3

responding that he was "fine" with the decision of the district court to modify the report to state that Baker told his victim that "advertisements for escort services had been posted on the Internet." See United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993).

The district court did not abuse its discretion in sentencing Baker to 292 months of imprisonment. Although Baker had been in a sexual relationship with a 15-year-old girl and had six prior convictions for possession of marijuana and two prior convictions for battery, the district court departed downward one level from Baker's criminal history level of IV, which reduced his advisory guideline range from 324 and 405 months to a range between 292 and 365 months. The district court reasonably determined that a sentence at the low end of Baker's reduced sentencing range was necessary to address the repugnant nature of his offense, impose a just punishment and promote respect for the law, deter similar future conduct, and protect the public. See 18 U.S.C. § 3553(a). Baker enticed and facilitated a 16-year-old girl to engage in prostitution, including countless acts of sexual intercourse, oral sex, and other acts that satisfied the sexual fetishes of strangers. Baker's sentence, which is well below his statutory maximum sentence of imprisonment for life, is reasonable. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Baker's sentence.

4